UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER RODARTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCED COUNTY SHERIFF DEPARTMENT,<br><br>　　　　Defendant. | 1:25-CV-00484-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 4)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Plaintiff Alexander Rodarte (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint against the Merced County Sheriff Department on November 19, 2024. (ECF No. 1). On March 21, 2025, Magistrate Judge Carolyn K. Delaney screened Plaintiff's complaint, found that it failed to state any cognizable claims, and gave Plaintiff leave to file an amended complaint. (ECF No. 3). On April 28, 2024, this case was transferred intradistrict from the Sacramento Division to the Fresno Division. (ECF No. 7).

　　　　On April 18, 2025, Plaintiff filed a first amended complaint. (ECF No. 4). Plaintiff's first amended complaint again names the Merced County Sheriff's Department as the only defendant. Plaintiff's First Amended Complaint alleges that deputies at the Merced Jail shared

1

footage of a motel incident to get inmates to retaliate against Plaintiff, which resulted in Plaintiff being physically and sexually assaulted.  (ECF No. 4, at p. 3).

Upon review, the Court will recommend that Plaintiff's first amended complaint be dismissed for failure to state a claim without further leave to amend.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pleadings filed by *pro se* plaintiff are to be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. FIRST SCREENING OF PLAINTIFF'S COMPLAINT

Plaintiff filed his initial complaint commencing this action on November 19, 2024. (ECF No. 1).  In his initial complaint, Plaintiff named the Merced County Sheriff's department as the sole defendant.  (*Id*. at p. 1).

On March 21, 2025, Magistrate Judge Carolyn K. Delaney issued a screening order finding Plaintiff had failed to state a claim and granting Plaintiff leave to file a first amended complaint. (ECF No. 3).  The screening order provided the standard for liability against municipalities and other local government units, including Sheriff's Departments, under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  After providing the applicable legal standard, the screening order concluded that "the complaint contains no

allegations that plaintiff was injured as a result of employees acting pursuant to any policy or custom of the Merced County Sheriff's Department. Accordingly, there is no cognizable claim against the Merced County Sheriff's Department." (*Id*. at p. 3).

The screening order also provided Plaintiff with the legal standards for pleading a retaliation claim in violation of the First Amendment and for conditions of confinement and failure to protect claims in violation of the Eighth Amendment. (ECF No. 3, at pp. 4-6).

### III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

On April 18, 2025, Plaintiff filed a first amended complaint. (ECF No. 4). Plaintiff again names the Merced County Sheriff's Department as the sole Defendant. Plaintiff alleges three claims: (1) retaliation in violation of the First Amendment, (2) failure to protect – police misconduct/abuse of power, and (3) violation of the Eighth and Fourteenth Amendments.

In his first amended complaint, Plaintiff alleges that he was arrested in August of 2022 for driving under the influence and taken to "Merced Jail (Sandy Mush)." (ECF No 4, at p. 3). Plaintiff alleges that as soon as he got to the jail, deputies "were sharing footage of a motel incident" that he had. (*Id*.) Plaintiff alleges that the deputies' actions were done in retaliation and caused other inmates to sexually assault Plaintiff in the bathroom the following week. Plaintiff alleges that inmates stuck a broom in his anus while he was asleep from medication. Plaintiff alleges that inmates put disinfectant in his drinks and assaulted him every night for months. Plaintiff also alleges that inmates would hit him while he was asleep and steal from his box. (*Id.* at p. 5).

### IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

**A.   Insufficient Allegations Against Merced County Sheriff's Department**

Plaintiff's First Amended Complaint names the Merced County Sheriff's Department as the only Defendant.

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), the Supreme Court held that "municipalities and other local government units" are "included among those persons to whom § 1983 applies." However, municipalities cannot "be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.

1  In particular, we conclude that a municipality cannot be held liable *solely* because it employs a
2  tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on
3  a *respondeat superior* theory." *Id*. at 691; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)
4  ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead
5  that each Government-official defendant, through the official's own individual actions, has
6  violated the Constitution."); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983,
7  local governments are responsible only for 'their *own* illegal acts'") (citation omitted).

8  This rule has been extended to Sheriff's Departments. Specifically, "municipalities,
9  including counties and their sheriff's departments, can only be liable under § 1983 if an
10 unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or
11 decision officially adopted and promulgated by that body's officers.'" *Rivera v. County of Los*
12 *Angeles,* 745 F.3d 384, 389 (9th Cir. 2014).

13 Plaintiff's first amended complaint does not allege that the Merced County Sheriff's
14 Department had any policy that led to a violation of Plaintiff's constitutional rights. In fact,
15 Plaintiff's first amended complaint does not include any facts about the Merced County
16 Sheriff's Department. Instead, Plaintiff's first amended complaint alleges that unidentified
17 officers at Merced County Jail acted in ways that caused Plaintiff to be assaulted by jail
18 inmates. But, as explained above, Merced County Sheriff's Department is not liable merely
19 because it employed deputies who themselves violated Plaintiff's constitutional rights.

20 Thus, Plaintiff's First Amended Complaint fails to state a cognizable claim against the
21 Merced County Sheriff's Department.

22 **B.      Failure to Protect Claim**

23 Plaintiff also fails to allege facts establishing a constitutional failure to protect claim.
24 "Inmates who sue prison officials for injuries suffered while in custody may do so under
25 the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under
26 the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d
27 1060, 1067 (9th Cir. 2016). In *Castro*, the Ninth Circuit provided the elements of a pretrial
28 detainee's Fourteenth Amendment failure-to-protect claim against an individual officer:

4

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1071. "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Sandoval v. County of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).

As described above, Plaintiff has failed to allege that Merced Sheriff's Department instituted a policy that led to Plaintiff not being protected.  In addition, Plaintiff does not allege facts showing that anyone, not to mention the Merced Sheriff's Department, made an intentional decision to put Plaintiff at substantial risk of serious harm.  Although Plaintiff states that deputies shared footage about an incident where Plaintiff "got people at [a] motel hurt," he does not provide any specific facts such as what he saw or heard that makes him believe this.  He also does not describe anything about the footage that would make any officer understand that showing it to other inmates would put Plaintiff at substantial risk of serious harm.  Similarly, Plaintiff alleges that unidentified officers "were getting inmates to retaliate on me." (ECF No. 4, at p. 3).  However, Plaintiff does not describe any facts supporting this statement, such as anything any officer said or did that would cause inmates to retaliate against him.

C.     **Retaliation Under the First Amendment**

Plaintiff also fails to allege facts establishing a First Amendment retaliation claim.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). A plaintiff can plead the fifth element "by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious . . . or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (citations omitted).

Again, Plaintiff's first amended complaint fails to allege that the Merced County Sheriff's Department had a policy in place that led to Plaintiff being retaliated for conduct protected by the First Amendment. Moreover, Plaintiff fails to identify anything he did that was protected by the First Amendment, nor any action done in retaliation for any constitutionally protected conduct. Plaintiff's first amended complaint alleges that Sheriff's deputies showed inmates a video of an incident at a motel involving Plaintiff. But Plaintiff does not allege that the incident involved Plaintiff engaging in constitutionally protected conduct. Nor does Plaintiff allege that the deputies showed inmates this information in retaliation for Plaintiff engaging in constitutionally protected conduct.

Thus, Plaintiff fails to state a claim for retaliation under the First Amendment.

**V.     CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court recommends that this action be dismissed with prejudice for failure to state a claim. The Court screened Plaintiff's original complaint, explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint. Plaintiff's First Amended Complaint is substantially similar to his original complaint. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS ORDERED as follows:

   1. The Clerk of Court shall assign a District Judge to this case.

Further, IT IS RECOMMENDED that:

   1. This case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

   2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 3, 2025**          /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE