UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALEXANDER RODARTE,

           Plaintiff,

    v.

MERCED COUNTY SHERIFF DEPARTMENT,

           Defendant.

1:25-cv-00484-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM

(ECF No. 19)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

Plaintiff Alexander Rodarte (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's Second Amended Complaint, filed on November 7, 2025. (*See* ECF No. 19).  Plaintiff's Second Amended Complaint alleges that unidentified "sheriffs" slandered him to other inmates which led to Plaintiff being assaulted by other inmates.  Plaintiff names Vernon H. Warnke as the sole Defendant.

For the following reasons, the Court will recommend that Plaintiff's second amended complaint be dismissed for failure to state a claim without further leave to amend.

\\\

\\\

\\\

1

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pleadings filed by *pro se* plaintiff are to be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.   BACKGROUND

### a.   Plaintiff's Initial Complaint

Plaintiff filed his initial complaint commencing this action on November 19, 2024. (ECF No. 1).  In his initial complaint, Plaintiff named the Merced County Sheriff's department as the sole defendant.  (*Id*. at 1).

Plaintiff alleged that in August of 2022 he "was arrested for DUI charges and housed in Merced County Correction Center." *Id.* He further alleged that between August and November of 2022 he was subjected to "inmates gathering against me spreading info about me that they could only have gotten from the guards." *Id.* at 1 and 6. He further alleges that he was subject to various forms of harassment, including "inmates putting disinfectant in my drinks," "stuff missing from my box," being hit by inmates at night, and being sexually assaulted." *Id.* at 2. Plaintiff alleges that he reported the incidents to the guards but that "they would say ok and no action was taken." *Id.* at 3.

On March 21, 2025, Magistrate Judge Carolyn K. Delaney issued a screening order

finding Plaintiff had failed to state a claim and granting Plaintiff leave to file a first amended complaint.  (ECF No. 3).  The screening order provided the standard for liability against municipalities and other local government units, including Sheriff's Departments, under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  After providing the applicable legal standard, the screening order concluded that "the complaint contains no allegations that plaintiff was injured as a result of employees acting pursuant to any policy or custom of the Merced County Sheriff's Department. Accordingly, there is no cognizable claim against the Merced County Sheriff's Department."  (*Id*. at 3).

The screening order also provided Plaintiff with legal standards for pleading a retaliation claim in violation of the First Amendment and for conditions of confinement and failure to protect claims in violation of the Eighth Amendment.  (ECF No. 3 at 4-6).[1]

### b.  Plaintiff's First Amended Complaint

On April 18, 2025, Plaintiff filed a first amended complaint.  (ECF No. 4).  Plaintiff again named the Merced County Sheriff's Department as the sole Defendant.  Plaintiff alleged three claims: (1) retaliation in violation of the First Amendment, (2) failure to protect – police misconduct/abuse of power, and (3) violation of the Eighth and Fourteenth Amendments.

In his first amended complaint, Plaintiff alleged that he was arrested in August of 2022 for driving under the influence and taken to "Merced Jail (Sandy Mush)."  (ECF No. 4 at 3).  Plaintiff alleged that as soon as he got to the jail, deputies "were sharing footage of a motel incident" that he had.  (*Id*.)  Plaintiff alleged that the deputies' actions caused other inmates to sexually assault Plaintiff in the bathroom the following week.  Plaintiff also alleges that inmates would hit him while he was asleep and steal from his box.  (*Id.* at 5).

On September 4, 2025, the Court issued findings and recommendations recommending that the action be dismissed for failure to state a claim. (ECF No. 15)  Regarding the failure to protect claim in particular, the Court explained:

> As described above, Plaintiff has failed to allege that Merced Sheriff's Department instituted a policy that led to Plaintiff not being protected. In addition, Plaintiff does not allege facts showing that anyone, not to mention the

---

[1] This case was transferred from Sacramento to Fresno on April 28, 2025.  (ECF No. 7)

Merced Sheriff's Department, made an intentional decision to put Plaintiff at substantial risk of serious harm. Although Plaintiff states that deputies shared footage about an incident where Plaintiff "got people at [a] motel hurt," he does not provide any specific facts such as what he saw or heard that makes him believe this. He also does not describe anything about the footage that would make any officer understand that showing it to other inmates would put Plaintiff at substantial risk of serious harm. Similarly, Plaintiff alleges that unidentified officers "were getting inmates to retaliate on me." (ECF No. 4, at p. 3). However, Plaintiff does not describe any facts supporting this statement, such as anything any officer said or did that would cause inmates to retaliate against him.

(ECF No. 15, at p. 5).

On September 19, 2025, Plaintiff filed objections to the findings and recommendations. (ECF No. 17). In the objections, Plaintiff alleged that Vernon H. Warnke is "liable for Defendants Joe Doe #1 and Joe Doe #2." (*Id.* at 1). Plaintiff requested leave to file a second amended complaint, as he had a "little more knowledge on the law." (*Id.*).

In light of Plaintiff's objections and request to file a second amended complaint, the Court vacated the pending findings and recommendations and granted Plaintiff leave to amend his complaint. (ECF No. 17).

## III.   PLAINTIFF'S SECOND AMENDED COMPLAINT

On November 7, 2025, Plaintiff filed a Second Amended Complaint. (ECF No. 19). Plaintiff names Vernon H. Warnke as the sole Defendant, who Plaintiff alleges is employed as a "Jailor" of Merced County Jail.

In his second amended complaint, Plaintiff alleges he repeatedly reported to the "Sheriffs" that he was being hit by other inmates while he was asleep, yet nothing was done. (*Id.* at 3). Plaintiff was eventually moved to Dorm 403, where he indicates he was slandered by sheriffs, who were also having inmates retaliate against and assault Plaintiff while he slept. Plaintiff states he was given medication that heavily sedated him, and while sedated he was sodomized with a broom. (*Id.*). Plaintiff claims he was moved to Dorm 501 and the sheriffs continued to slander him amongst the other inmates, causing Plaintiff to be assaulted while he slept. (*Id.*). Plaintiff alleges the assaults continued as he was moved from Dorm 501 to Dorm 503 and then to Dorm 505. Finally, Plaintiff was moved to Dorm 406, where he claims he was

assaulted by inmates again. (*Id.* at 4).

Plaintiff alleges that he was slandered and retaliated against because he was "on some kind of government watch list." (*Id.* at 5).

## IV.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.    Section 1983

The Civil Rights Act under which this action was filed provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. 1983 is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

*Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.      Failure to Protect Claim

Plaintiff alleges that "sheriffs" failed to protect him from inmate assaults.

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). In *Castro*, the Ninth Circuit provided the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1071. "To satisfy the third element, the plaintiff must show that the defendant's actions were 'objectively unreasonable,' which requires a showing of 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Sandoval v. County of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).

Plaintiff fails to allege sufficient facts to state a claim for failure to protect in violation of the Eighth Amendment under these legal standards.

First, Plaintiff does not provide any factual allegations about the sole defendant, Defendant Warnke. Besides naming him as a defendant and listing his title as "Jailor Sheriff," plaintiff fails to include any allegations at all about Defendant Warnke.  Plaintiff thus fails to allege that Defendant Warnke made an intentional decision to place Plaintiff in substantial risk of harm.

Moreover, as with his first two complaints, Plaintiff fails to include specific allegations about how Defendant Warnke or anybody else put Plaintiff at substantial risk of harm. Although Plaintiff alleges that unidentified sheriffs "were getting inmates to retaliate on me" by "slandering" Plaintiff, he does not any facts supporting this statement, such as anything any officer said or did that would cause inmates to assault him.

As such, Plaintiff fails to state a claim for failure to protect under the Eighth Amendment.

### C.    Retaliation Under the First Amendment

Plaintiff also fails to allege facts establishing a First Amendment retaliation claim.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  A plaintiff can plead the fifth element "by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious . . . or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (citations omitted).

Again, Plaintiff fails to allege any facts about the sole defendant Warnke.  Additionally, Plaintiff's second amended complaint fails to allege that Plaintiff was retaliated for conduct protected by the First Amendment.  Plaintiff fails to identify anything he did that was protected by the First Amendment, nor any action done in retaliation for any constitutionally protected conduct.  Plaintiff's second amended complaint merely alleges that he was retaliated against for

being on a "government watchlist." (ECF No. 19 at 5). Nor does Plaintiff allege that the sheriffs, let alone Defendant Warnke, showed inmates this information in retaliation for Plaintiff engaging in constitutionally protected conduct.

Thus, Plaintiff fails to state a claim for retaliation under the First Amendment.

**43    CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court recommends that this action be dismissed with prejudice for failure to state a claim, without further leave to amend.  The Court has explained the deficiencies in Plaintiff's complaint and provided the relevant legal standards multiple times, and Plaintiff has already amended his complaint twice.  Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1.  This case be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 19, 2026**            /s/ _Erica P. Grosjean_
                                                        UNITED STATES MAGISTRATE JUDGE